# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **D'LISA WILLIAMS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**JRN, INC.**, a Tennessee corporation,<br><br>*Defendant.* | Case No. 3:22-cv-01253<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff D'Lisa Williams ("Williams" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant JRN, Inc. ("JRN" or "Defendant") for violating the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. Defendant JRN is a Tennessee based company that operates Kentucky Fried Chicken, Taco Bell, and Pizza Hut franchises in the Southeastern and Midwest regions of the United States.[1]

2. Plaintiff brings this class action to put an end to JRN's repeated invasions of

---

[1] https://www.manta.com/c/mm6xxfd/jrn-inc

1

privacy–specifically, its collection, storage, and subsequent use of its employees' *fingerprints without informed consent* as required by BIPA.

3. Under BIPA, "biometric information" is defined as any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier", in turn, is defined as a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

4. Biometric identification has become commonplace in financial services, work environments, and everyday life such as unlocking a phone with a fingerprint or facial scan. With the rise of biometric scanning for personal information and data, Illinois enacted BIPA to protect consumers from companies using and abusing their personal biometric data.

5. As set forth in BIPA, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identify theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5(c).

6. To protect privacy rights in the face of increased biometric-facilitated transactions, BIPA created a set of requirements that companies must adhere to *prior* to obtaining, storing, or using the biometric data in any way. These requirements prohibits any use of biometric data unless the company first: (1) informs that person in writing that biometric information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric information is being collected, stored and used; and

(3) receives a written release from the person for the collection of her or her biometric information. 740 ILCS 14/15(b).

7. Defendant used fingerprint activated timeclocks for employees to clock in and out of work. Plaintiff and Defendant's other employees were required to sign in and out using this fingerprint system. Plaintiff further alleges, that at no time during her employment she had ever authorized the collection and storage of her fingerprints for company use. 740 ILCS 14/15, *et seq*.

8. Plaintiff brings this action individually and on behalf of the proposed class in order to stop Defendant JRN's repeated violations of BIPA and to recover statutory damages for the unauthorized collection, storage, and use of their biometric information in violation of the BIPA.

## PARTIES

9. Plaintiff D'Lisa Williams is a resident of Raleigh, Illinois.

10. Defendant JRN is a corporation headquartered at 209 W. 7th St., Columbia, Tennessee 38401. Defendant conducts business in and throughout the Southern District of Illinois.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over the subject matter of this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d), *et seq.* because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. Further, none of the exceptions to CAFA apply.

12. Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, including the allegedly unlawful collection of personal information.

## COMMON ALLEGATIONS

**Biometric Information and the Illinois BIPA**

13. As set forth above, a "biometric identifier" is any biological, personal feature that includes fingerprints, iris scans, DNA, facial features and voice, as well as others.[2]

14. BIPA affords enhanced protections to biometric privacy markers and identifiers in response to certain technological advances. That is, BIPA recognizes that "biometrics are unlike other unique identifiers that are used to access finance or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transaction." *Id*.

15. To protect consumer privacy, BIPA that states:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

    (1) **informs** the subject of the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

---

[2] BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. 740 ILCS 14/10. For the purposes of ease, biometric "information" and "identifier" may be used interchangeably for the remainder

    (2) **informs** the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which biometric identifier or biometric information is being collected, stored, and used; and

    (3) receives a **written release** executed by the subject of the biometric identifier or biometric information or the subject's legal authorized representative.

740 ILCS 14/15(b).

16. Defendant has engaged and continues to engage in the practice of collecting, storing, and using its employees' biometric information without any informed written consent in violation of all three requirements of Section 15(b).

**JRN, Inc. Collects and Stores Current and Former Employees' Biometric Information Without Informed Consent**

17. Defendant uses a biometric timeclock system that tracks its employees' hours to ensure that employees sign in and out themselves (as opposed to having co-workers clock them in and out when they are perhaps running a few minutes behind). Using technology that relies on and captures biometric data helps to ensure honesty when clocking-in and out of the business.

18. While this is an effective way to save money for the corporation, when done incorrectly it adversely effects the privacy rights of Plaintiff and alleged Class. Improper collection and storage of biometric data can result in the biometric information being stolen and used against the employees (in addition to other potential privacy risks).

19. In violation of BIPA, Defendant collects, stores, and uses its employees' biometric information without any express written consent.

20. At all times relevant, and in violation of the first requirement under Section 15(b) of BIPA, Defendant never expressly informed its employees that it would collect, store, or use their biometric fingerprint information.

5

21. Second, and again in violation of Section 15(b) of BIPA, Defendant never informed its employees of the specified purpose or length for which their fingerprints would be collected, stored, and used. The only knowledge employees were given was the installation of the biometric fingerprint timeclock that they were instructed to use.

22. Finally, in another violation of Section 15(b) of BIPA, Defendant never obtained any written release from its members before it began to collect, store, and use their biometric information. Employees of Defendant were merely shown the biometric fingerprinting system and told to use it to clock-in and out. Employees were never told why the data was being collected, how the data would be stored, or how long it would be stored.

23. On information and belief, the use of the biometric timeclock was mandatory for employees, despite its collection of extremely valuable and personal information.

24. Defendant JRN's intentional, reckless, or negligent failure to provide employees with: (i) the BIPA-required written notice that their biometric information would be collected, stored, and used; (ii) information regarding the specific time and purpose for which such biometric information would be stored and used; and (iii) to obtain its employee's express written release for the collection, storage, and use of their biometric information, all violated BIPA.

## FACTS SPECIFIC TO PLAINTIFF WILLIAMS

25. Plaintiff Williams resides in Raleigh, Illinois.

26. Ms. Williams was employed by Defendant JRN from approximately September 2008 until April 2021.

27. Ms. Williams worked at JRN's Kentucky Fried Chicken located at 514 S. Commercial St., Harrisburg, IL 62946 for the entirety of her employment with JRN.

28. According to Ms. Williams, Defendant engaged in the use of a biometric timeclock for several years of her employment beginning around 2015 or 2016. At no point during the installation of the new timeclock system throughout the remainder of Ms. Williams' time with Defendant, did Defendant ever provide any of the statutorily required authorizations or disclosures to Plaintiff. Further, at no time did Defendant ever obtain Plaintiff's consent to collect, store, and use her biometric information.

29. Plaintiff's only knowledge of the fingerprinting timeclock was that she was required use it to continue her employment with Defendant.

30. Plaintiff used the system until the end of her employment with Defendant in April 2021. Defendant's last violation of BIPA with respect to Plaintiff occurred in April 2021 when it collected and captured her information without consent while clocking in and out.

31. To date, Plaintiff never provided any form of informed consent, in writing or otherwise, to Defendant allowing Defendant's collection, storage, and usage of her biometric information in the form of fingerprints.

## CLASS ACTION ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's BIPA Claims Arising From Collected, Stored, Captured, Or Used Biometric Data By Defendant JRN, Inc.**

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

**Stored Biometric Data Class:** All persons who, while residing in Illinois and employed by JRN, Inc., had their fingerprints collected, captured, stored, or otherwise used by JRN, Inc.

33. Subject to additional information gathered through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

35. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable due to the size of Defendant's corporation and number of employees that may have been subjected to the collection and use of their biometric data. On information and belief, Defendant collected and used employe biometric information in the form of fingerprints on its fingerprinting timeclock. Members of the Class can be identified through Defendant's employment records, and additional Members can be identified through discovering the extent that Defendant uses biometric scanners and timeclocks at each of their several locations throughout Illinois.

36. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant collected, captured, received, or otherwise obtained biometric identifiers or biometric information from Plaintiff and the Class;

    (b) whether Defendant informed Plaintiff and the Class before collecting, using, and storing their biometric identifiers or biometric information as required by Section 15(b) of the BIPA;

    (c) whether Defendant informed Plaintiff and the Class of the specific purpose and the length for which a biometric identifier or biometric information is being collected, stored, and used as required by Section 15(b) of the BIPA;

    (d) whether Defendant obtained a written release, as defined by the BIPA, from the Plaintiff and the Class prior to collecting, storing, and using their biometric identifiers or biometric information;

    (e) whether Defendant used biometric identifiers to identify Plaintiff and the Class;

    (f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently;

    (g) whether Plaintiff and the Class are entitled to statutory damages under the BIPA and the correct measure for those damages; and

    (h) whether Plaintiff and the Class are entitled to declaratory and injunctive relief.

37. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class in that defendant collected, stored and used her biometric information without informed consent in the exact same manner as every other Class member.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class

actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

39. **Superiority**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, promotes economies of scale, time, effort, and expense, and ensures comprehensive supervision by a single court (thus maintaining uniformity of decisions).

40. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**CAUSE OF ACTION**
**Violations of Illinois Biometric Information Privacy Act, 40 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

41. Plaintiff realleges and incorporates by reference the allegations contained in the aforementioned paragraphs of this Complaint and incorporates them by reference herein.

42. Section 15(b) of BIPA states that a private entity may not, among other things,

    collect, capture, purchase, receive through trade, or otherwise obtain a person's or a consumer's biometric identifiers or biometric information, unless it first:

    (1) informs the subject… in writing that a biometric identifier or biometric information is being collected or stored;

    (2) informs the subject… in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    (3) receives a written release executed by the subject of the biometric identifier or biometric information…

740 ILCS 14/15(b).

43. JRN, Inc. is a private entity under BIPA. *See* 740 ILCS 14/10.

44. Plaintiff and the Class members are individuals under BIPA. *See id.*

45. Defendant collected, captured, and obtained Plaintiff's and the Class members' biometric identifiers through its biometric fingerprinting timeclocks.

46. Plaintiff's and the Class members' fingerprints collected, captured, and obtained by Defendant are by definition "biometric information" as per BIPA because Defendant used those biometric identifiers to identify Plaintiff and Class members for the purposes of clocking in and out as employees of Defendant. *See id.*

47. Defendant collected, captured, obtained, used, and stored Plaintiff's and the Class members' biometric information and identifiers without first obtaining the written release required by Section 15(b) of BIPA.

48. Defendant never informed Plaintiff or the Class members in writing that their biometric identifiers or information were being collected, stored, and used as required by Section 15(b) of BIPA.

49. Defendant never informed Plaintiff or the Class members in writing of the specific purpose and length for which their fingerprints or other information was being collected, stored, and used, as required by Section 15(b) of BIPA.

50. Defendant is liable for violations under BIPA by collecting, capturing, obtaining, storing, and using Plaintiff's and the Class members' biometric identifiers and information as described herein, Defendant JRN violated Plaintiff's and the Class members' rights to privacy in their biometric identifiers or information as plainly stated within BIPA, 740 ILCS 14/1 *et seq.*

51. At all times, Defendant acted knowingly, recklessly, or negligently with respect to Plaintiff's rights under BIPA.

52. Defendant's violations of Section 15(b) of BIPA were intentional and reckless because JRN, Inc. has multiple restaurant locations within Illinois, employs hundreds of employees in Illinois, and is actively counseled by attorneys familiar with Illinois law. BIPA has been law in Illinois since 2008, and Defendant has had ample opportunity to follow the law as required, and intentionally chose not to do so.

53. Alternatively, Defendant's violations of Section 15(b) of BIPA were negligent because Defendant failed to meet any applicable standard of care in ensuring that its members

were informed and consented to the collection, storage, and use of their biometric information and biometric identifiers.

54. As a result of Defendant's violations of §15(b) of the BIPA, Plaintiff seeks the following relief individually and on behalf of the Class: (l) injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendant to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as alleged herein; (2) statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing Woodrow & Peluso, LLC as Class Counsel;

b) An award of statutory damages of $5,000 for each intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1) to be paid into a common fund for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*;

d)  An order awarding injunctive and equitable relief pursuant to 740 ILCS 14/20(4) requiring Defendant JRN, Inc. to comply with the BIPA by forcing Defendant to stop collecting, storing, and using plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining their informed written consent; and

e)  Awarding any further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**D'LISA WILLIAMS**,

Dated: June 13, 2022

By: /s/Patrick H. Peluso
One of her attorneys

Steven Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0676
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*