**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **D'LISA WILLIAMS, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 3:22-cv-01253** |
| **v.** | ) ) | |
| **JRN, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

<u>**DEFENDANT JRN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL IN ITS ENTIRETY WITH PREJUDICE OR, ALTERNATIVELY TO STAY**</u>

William F. Northrip (#6315988)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL  60606
Tel: (312) 704-7700
wnorthrip@shb.com

***Attorney for Defendant JRN, Inc.***

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

BACKGROUND ................................................................................................................ 1

LEGAL STANDARD......................................................................................................... 2

ARGUMENT ..................................................................................................................... 2

I.      PLAINTIFF'S BIPA CLAIMS ARE TIME-BARRED. ..................................... 2

      A.      Plaintiff's claims are barred by a one-year statute of limitations. .......................... 3

      B.      Plaintiff's claims are barred by the catch-all five-year statute of limitations. ........................................................................................... 6

II.      A STAY PENDING THE ILLINOIS SUPREME COURT'S DECISIONS IN *TIMS* AND *COTHRON* IS WARRANTED. .................................................... 7

CONCLUSION.................................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Holy See*,
    934 F. Supp. 2d 954 (N.D. Ill. 2013) ........................................................................2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................2

*Cima v. Wellpoint Health Networks, Inc.*,
    556 F. Supp. 2d 901 (S.D. Ill. 2008)....................................................................5, 6

*Cothron v. White Castle System*,
    20 F.4th 1156 (7th Cir. 2021) .......................................................................3, 6, 7, 8

*Erie R.R. v. Tompkins*,
    304 U.S. 64 (1938).................................................................................................5

*Feltmeier v. Feltmeier*,
    798 N.E.2d 75, 207 Ill. 2d 263 (Ill. 2003) ...............................................................6

*Fox v. Dakkota Integrated Sys., LLC*,
    980 F.3d 1146 (7th Cir. 2020) ..................................................................................1

*Hazlitt v. Apple Inc.*,
    543 F. Supp. 3d 643 (S.D. Ill. 2021)........................................................................4

*Howe v. Speedway LLC*,
    17-cv-07303, 2018 U.S. Dist. LEXIS 90342 (N.D. Ill. May 31, 2018).....................5

*McDonald v. Symphony Bronzeville Park, LLC*,
    ___ N.E.3d ___, 2022 IL 126511 (Ill. 2022) ......................................................4, 5

*Robertson v. Hostmark Hospitality Grp.*,
    No. 18-CH-05194 (Cir. Ct. Cook County, May 29, 2020) .......................................6

*Rosenbach v. Six Flags Entertainment Corp.*,
    129 N.E.3d 1197, 2019 IL 123186 (Ill. 2019) ...................................................4, 6, 7

*Stauffer v. Innovative Heights Fairview Heights, LLC*,
    480 F. Supp. 3d 888 (S.D. Ill. 2020).......................................................................3

*Tims v. Black Horse Carriers, Inc.*,
    184 N.E. 3d 1029 (Ill. Ct. App. 1st Dist. 2022) .......................................................... *passim*

*Uldrych v. VHS of Ill., Inc.*,
    942 N.E.2d 1274, 239 Ill. 2d 532 (Ill. 2011) ........................................................3, 4

*West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*,
    183 N.E.3d 47, 2021 IL 125978 (Ill. 2021) ........................................................4, 5

**Statutes**

735 ILCS 5/13-201 ........................................................................................................5

735 ILCS 5/13-205 ........................................................................................................6

Illinois Biometric Privacy Act ("BIPA"), 740 ILCS 14 *et seq*. ........................................... *passim*

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................1, 2

## INTRODUCTION

Defendant JRN, Inc. ("JRN") is a Tennessee corporation that owns and operates over 150 Kentucky Fried Chicken restaurants in 11 states, including Illinois. Plaintiff D'Lisa Williams ("Plaintiff") worked at JRN's KFC location in Harrisburg, Illinois from approximately September 2008 to April 2021. On June 13, 2022, Plaintiff filed this putative class action alleging that JRN violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"), by using finger scan time clocks for its employees. Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial ("First Amended Complaint/FAC"), filed on July 15, 2022, alleges that JRN violated BIPA Section 15(b) by: (i) failing to inform employees in writing that a biometric identifier or biometric information was being collected or stored, (ii) failing to inform employees in writing of the specific purpose and length of term for which the biometric identifier or biometric information was being collected, stored, and used, and (iii) failing to obtain written releases executed by the employees. Plaintiff's First Amended Complaint only states claim with respect to Section 15(b) and does not allege that JRN violated any other section of BIPA. Plaintiff seeks injunctive and equitable relief, statutory damages, and attorneys' fees and costs. JRN respectfully moves this Court to dismiss Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety and with prejudice as time-barred and for the reasons set forth below.

## BACKGROUND

The Illinois legislature enacted BIPA in 2008 to encourage the development and use of biometric technology while protecting Illinois residents' private biometric data from misuse, theft, or unauthorized publication. *See* 740 ILCS 14/5; *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020) (recognizing the "immutability of biometric identifiers and the associated heightened risk of identity theft" as a key factor motivating BIPA's passage). BIPA

imposes a notice and consent regime, requiring that notices and policies address "[r]etention; collection; disclosure; [and] destruction" of biometric identifiers and information. 740 ILCS 14/15(a)–(e).

## LEGAL STANDARD

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's failure to timely file a complaint under the governing statute of limitations is an affirmative defense appropriately addressed via a motion to dismiss. *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958-59 (N.D. Ill. 2013). Dismissal is proper where the complaint sets forth the facts necessary to demonstrate that the action is untimely. *Id*. at 959.

## ARGUMENT

### I.   PLAINTIFF'S BIPA CLAIMS ARE TIME-BARRED.

Plaintiff alleges that she was employed by JRN from "approximately September 2008 until April 2021[1]" at its Kentucky Fried Chicken location in Harrisburg, Illinois. FAC ¶¶ 26-27. Plaintiff further alleges that "Defendant engaged in the use of a biometric timeclock for several years of her employment beginning around 2015 or 2016[2]" and that she used the system until the end of her employment in April 2021. *Id.* ¶¶ 28, 30. Plaintiff alleges that "Defendant's last violation of

---

[1] For the purposes of this Motion to Dismiss only, JRN will give deference to Plaintiff's estimation of her resignation date and calculate applicable timeframes from a resignation date of April 30, 2021.

[2] For the purposes of this Motion to Dismiss only, JRN will give deference to Plaintiff's estimation of JRN's implementation of a biometric timeclock and calculate timeframes from December 31, 2016 as the date she first used the fingerprint scanner.

BIPA with respect to Plaintiff occurred in April 2021 when it collected and captured her information without consent while clocking in and out." FAC ¶ 30. Plaintiff did not file this lawsuit until June 13, 2022, more than one year after her termination of employment on April 30, 2021. As Plaintiff first used finger-scan technology to clock in and out of work "beginning around 2015 or 2016," and continued using it until the termination of her employment in April 2021, her suit, filed over 5 years[3] after she first used the system, and more than one year after she last used the system, is untimely. This is true regardless of whether her claim accrued on the date she first scanned her finger or on the last date of her employment as further explained below.

BIPA does not include an explicit statute of limitations, and the applicable statute of limitations is not yet settled. *See, e.g., Stauffer v. Innovative Heights Fairview Heights, LLC,* 480 F. Supp. 3d 888, 904 (S.D. Ill. 2020). Issues of accrual and statute of limitations are currently on appeal before the Illinois Supreme Court. *See, e.g., Tims v. Black Horse Carriers, Inc.*, 184 N.E. 3d 1029 (Ill. Ct. App. 1st Dist. 2022) and *Cothron v. White Castle System*, 20 F.4th 1156 (7th Cir. 2021). JRN believes that a one-year statute of limitations applies in this matter, but Plaintiff's claim is untimely even under the five-year catch-all statute of limitations provided for under Illinois law.

### A.    Plaintiff's claims are barred by a one-year statute of limitations.

The Illinois Supreme Court has a "singular concern" when determining which statute of limitations applies to a cause of action - "to ascertain and give effect to the legislature's intent." *Uldrych v. VHS of Ill., Inc.*, 942 N.E.2d 1274, 1279, 239 Ill. 2d 532, 540 (Ill. 2011). "When the spirit and intent of the legislature are clearly expressed and the objects and purposes of a statute

---

[3] If Plaintiff first used the system on January 1, 2015, she would have had to file her claim on or before January 1, 2020. If Plaintiff first used the system on December 31, 2016, she would have had to file her claim on or before December 31, 2021. Plaintiff did not file suit until June 13, 2022.

are clearly set forth, courts are not bound by the literal language of a particular clause of the statute that might defeat such clearly expressed legislative intent." *Id*. Further, a court "must presume that several statutes relating to the same subject . . . are governed by one spirit and a single policy, and that the legislature intended the several statutes to be consistent and harmonious." *Id.* (emphasis added).

"The Illinois legislature devised BIPA to protect consumers against the threat of irreparable privacy violations, identity theft, and economic injuries stemming from the use of biometric identifiers and biometric information by private entities." *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 646 (S.D. Ill. 2021). The legislature expressed its intent in the text of BIPA itself in a section specifically titled "Legislative findings; intent."

> Biometrics . . . are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.

740 ILCS 14/5(c).

Not surprisingly, the Illinois Supreme Court has repeatedly recognized that *all facets* of BIPA are intended to protect against the injury that arises from disclosure of an individual's biometrics, and each subsection of BIPA is governed by that purpose. *See Rosenbach v. Six Flags Entertainment Corp.*, 129 N.E.3d 1197, 2019 IL 123186 (Ill. 2019); *McDonald v. Symphony Bronzeville Park, LLC*, ___ N.E.3d ___, 2022 IL 126511 (Ill. 2022); *West Bend Mutual Insurance Co. v. Krishna Schaumburg Tan, Inc.*, 183 N.E.3d 47, 2021 IL 125978 (Ill. 2021). In *Rosenbach*, the Illinois Supreme Court made clear that the "point" of BIPA's restrictions is to "prevent problems before they occur" and to prevent the "irreversible harm that could result if biometric identifiers and information are not properly safeguarded." *Rosenbach*, 129 N.E.3d at 1207, 2019 IL 123186, ¶ 37. In *West Bend*, the Court explained that BIPA "protects a secrecy interest—here,

4

the right of an individual to keep his or her personal identifying information like fingerprints secret." *West Bend Mut. Ins.*, 183 N.E.3d at 58, 2021 IL 125978, ¶ 46. This conclusion was reaffirmed in *McDonald*, where the Court explained that BIPA's other sections, including section 15(b), are "prophylactic measures to prevent compromise of an individual's biometrics." *McDonald*, 2022 IL 126511 ¶ 43. *See also Howe v. Speedway LLC*, no. 17-cv-07303, 2018 U.S. Dist. LEXIS 90342, at *15 (N.D. Ill. May 31, 2018) ("…BIPA's notice and consent provisions do not create a separate interest in the right-to-information, but instead operate in support of the data protection goal of the statute.") (quoting *Vigil v. Take-Two Interactive Software, Inc.*, 235 F. Supp. 3d 499, 513 (S.D.N.Y. 2017). As such, Section 15(b) should be afforded the same statute of limitations.

To that end, BIPA Section 15(b), in relevant part, sets forth the procedures that entities must observe in collecting and handling biometric data, to protect secrecy and privacy by making unauthorized or accidental disclosure less likely—*i.e.*, procuring informed consent prior to collection and following established retention and deletion policies.  As the Illinois Supreme Court explained in *McDonald*, these procedures exist to "prevent compromise of an individual's biometrics." *McDonald*, 2022 IL 126511 ¶ 43.  Accordingly, this Could should hold that these claims are governed by the one-year statute of limitation set forth in 735 ILCS 5/13-201.[4] A ruling

---

[4] In making this argument, JRN acknowledges that the Appellate Court stated in *Tims* that claims under Section 15(b) are governed by a five-year limitations period. 2021 IL App (1st) 200563, ¶ 35. But *Tims* has been taken up by the Illinois Supreme Court, and JRN contends that the Supreme Court will likely hold that a one-year statute of limitations applies to all BIPA claims. JRN therefore asserts this argument to preserve it pending the Supreme Court's decision in *Tims*, which could result in Plaintiff's claims being time-barred. Moreover, this Court is not bound by *Tims*, rather under *Erie* it should apply the law as it anticipates the Illinois Supreme Court would. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Cima v. Wellpoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 906-07 (S.D. Ill. 2008).

that a one-year limitations period applies to all causes of action under BIPA comports with the Act's purpose of preventing and remedying the unauthorized publication of biometric data.

**B.    Plaintiff's claims are barred by the catch-all five-year statute of limitations.**

As previously mentioned, the determination of the applicable statute of limitations is currently on appeal before the Illinois Supreme Court. Regardless of the outcome, no Illinois court has held that a statute of limitations longer than five years applies to BIPA claims. Because BIPA is silent about the statute of limitations, some Illinois courts have held the five-year, catch-all limitations period applies. 735 ILCS 5/13-205 ("[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."). This Court need not decide the issue because Plaintiff's claim is unquestionably time-barred because she did not bring it until after five years had passed from her first alleged finger-scan, when her claim accrued.

Should the Court conclude that a 5-year statute of limitations governs claims under BIPA Section 15(b), dismissal is still required as such claims only accrue upon the first use of biometric technology. *See Robertson v. Hostmark Hospitality Grp.*, No. 18-CH-05194 at 4 (Cir. Ct. Cook County, May 29, 2020) (Attached as Exhibit A). In general, a cause of action accrues and a limitations period begins to run "when facts exist that authorize one party to maintain an action against another." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85, 207 Ill. 2d 263, 278 (Ill. 2003). JRN anticipates that the Illinois Supreme Court, in its forthcoming decision in *Cothron v. White Castle,* will rule that BIPA claims accrue one time - upon the first use of biometric technology.[5] The Illinois Supreme Court has explained that, at its core, BIPA requires that private entities give

---

[5] In making this argument, JRN recognizes that the Illinois First District Appellate Court, held that the statute of limitations for BIPA claims runs from an employee's last use of biometric technology. As with *Tims*, however, a decision of the Illinois Appellate Court is not binding on this court. *See Cima*, 556 F. Supp. 2d at 906-07. Moreover, like the applicable statute of limitations, the accrual issue is currently before the Illinois Supreme Court on a certified question from the Seventh Circuit. *See Cothron v. White Castle Sys., Inc.,* 20 F.4th 1156 (7th Cir. 2021).

individuals the power to say "no" to the collection or disclosure of their biometric data, meaning that a BIPA injury is a result of the loss of control over biometric data. *Rosenbach*, 129 N.E.3d at 1206, 2019 IL 123186, ¶ 34. The first time an individual loses that control, the individual has been aggrieved under BIPA, and an actionable claim exists. *Id.* at 1206, ¶ 33. Thus, an individual is aggrieved only the first time an entity collects or discloses biometric information in violation of BIPA's requirements. In this case, accrual would have occurred, if ever, in either 2015 or 2016 when Plaintiff alleges she first used JRN's time clocks. Accordingly, Plaintiff's claims are time-barred because Plaintiff waited more than five years before filing her Complaint in June 2022. As Plaintiff's claims are time barred, they should be dismissed with prejudice.

## II.    A STAY PENDING THE ILLINOIS SUPREME COURT'S DECISIONS IN *TIMS* AND *COTHRON* IS WARRANTED.

While JRN submits that this Court should predict that the Illinois Supreme Court would hold that Plaintiff's claims are governed by a one-year statute and/or that Plaintiff's claims accrued when she alleges that she first used the time clocks and should dismiss Plaintiff's First Amended Complaint based on these predictions, JRN appreciates that both of these issues will soon be decided by the Illinois Supreme Court in *Tims* and *Cothron* respectively.  *Cothron* was argued on May 17, 2022, and JRN anticipates that a decision is imminent.  *Tims* is also fully briefed and will likely be argued in early fall.  Accordingly, if the Court is at all uncertain of how the Illinois Supreme Court might decide these issues in *Tims* and *Cothron*, JRN respectfully requests this Court stay this matter until the Illinois Supreme Court definitively resolves these issues.

Indeed, with respect to *Cothron*, the Seventh Circuit has held that the issue of accrual is best decided by the Illinois Supreme Court. *Cothron v. White Castle System*, 20 F.4th 1156, 1159 (7th Cir. 2021). "Whether a claim accrues only once or repeatedly is an important and recurring question of Illinois law implicating state accrual principles as applied to this novel state statute. It

requires authoritative guidance that only the state's highest court can provide." *Id*.  A stay that allows the Illinois Supreme Court to issue definitive guidance on this question is clearly appropriate.

## **CONCLUSION**

For the reasons stated above, Defendant JRN, Inc. respectfully requests that the Court dismiss Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial, in its entirety, with prejudice. In the alternative, JRN respectfully requests that the Court stay this case including consideration of this motion to dismiss pending the Illinois Supreme Court's resolution of *Tims* and *Cothron*.

Dated: July 29, 2022                                    Respectfully submitted,

*/s/  William F. Northrip*
William F. Northrip (#6315988)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL  60606
Tel: (312) 704-7700
wnorthrip@shb.com

***Attorney for Defendant JRN, Inc.***

## **CERTIFICATE OF SERVICE**

I, William F. Northrip, an attorney, hereby certify that on **July 29, 2022**, I caused a true and correct copy of DEFENDANT JRN, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL IN ITS ENTIRETY WITH PREJUDICE OR, ALTERNATIVELY TO STAY to be electronically filed and served by electronic mail on counsel of record in this matter in the United States District Court for the Southern District of Illinois, addressed as follows:

> Steven Woodrow (*swoodrow@woodrowpeluso.com*)
> Patrick H. Peluso (*ppeluso@woodrowpeluso.com*)
> **WOODROW & PELUSO, LLC**
> 3900 E. Mexico Avenue, Suite 300
> Denver, Colorado 80210
> (720) 213-0676
>
> ***Attorneys for Plaintiff***

> */s/  William F. Northrip*

9

4854-7725-0347

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ENTERED
Judge Neil H. Cohen 2021
MAY 29 2020
OF COOK COUNTY, IL

|  |  |  |
|---|---|---|
| THOMAS ROBERTSON, | ) | |
| individually, and on behalf of all | ) | |
| others similarly situated, | ) | |
|      Plaintiff, | ) | |
| v. | ) | Case No. 18-CH-5194 |
| HOSTMARK HOSPITALITY | ) | |
| GROUP, INC., et al, | ) | |
| | ) | |
|     Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff Thomas Robertson has filed a motion to reconsider this court's January 27, 2020 Memorandum and Order pursuant to 735 ILCS 5/2-1203(a).

### I.  Background

On April 20, 2018, Plaintiff Thomas Robertson ("Robertson") filed his original complaint alleging Defendants Hostmark Hospitality Group, Inc. ("Hostmark") and Raintree Enterprises Mart Plaza, Inc. ("Raintree") (collectively "Defendants") violated the Biometric Information Privacy Act ("BIPA").

On April 1, 2019, this court granted Robertson's motion for leave to file an amended class action complaint (the "Amended Complaint"). The Amended Complaint now alleges three counts, each alleging a violation of a different subsection of section 15 of BIPA. 740 ILCS 14/15.

Count I alleges a violation of subsection 15(a) based upon Defendants failure to institute, maintain, and adhere to a publicly available retention and deletion schedule for biometric data. 740 ILCS 14/15(a). Count II alleges a violation of subsection 15(b) based upon Defendants failure to obtain written consent prior to collecting and releasing biometric data. 740 ILCS 14/15(b). Count III alleges a violation of subsection 15(d) based upon Defendants failure to obtain consent before disclosing biometric data. 740 ILCS 14/15(d).

On July 31, 2019, this court issued its Memorandum and Order denying Defendants' motion to dismiss Robertson's Amended Complaint. In summary, this court held that: (1) Robertson's claim was not preempted by the Illinois Worker's Compensation Act; (2) the applicable statute of limitations was five years, as provided for in 735 ILCS 5/13-205; and (3) Robertson had adequately pled his claim.

As part of the court's July 31, 2019 ruling, this court addressed the parties' arguments regarding the date Defendants stopped collecting Robertson's biometric information but did not address their arguments regarding when Robertson's claims accrued.

On August 30, 2019, Defendants filed their motion to reconsider and certify questions to the appellate court. In their motion to reconsider, Defendants argued, *inter alia*, that this court erred in applying a five-year statute of limitations to Robertson's claim. On September 4, 2019, this court denied Defendants' motion, in part, but allowed further briefing on the issue of the application of the five-year statute of limitation.

On January 27, 2020, this court issued its Memorandum and Order granting in part and denying in part Defendants' motion to reconsider. The court held that Robertson's claims relating to Defendants' alleged violations of section 15(b) and 15(d) accrued in 2010. The court found that the continuing violation rule did not apply to Robertson's claims because the violations of sections 15(b) and 15(d) represented a single discrete act from which any damages flowed. Thus, it was held that Counts II and III were barred by the five statute of limitations.

Regarding Count I, the court viewed section 15(a) as imposing two distinct requirements: (1) requiring private entities to develop a publicly available retention schedule and deletion guidelines; and (2) requiring the permanent deletion of an individual's biometric data, either in accordance with the deletion guidelines or within 3 years of the individual's last interaction with the private entity, whichever is earlier.

The court held that since it was Defendants' stated position that they ceased collection of biometric data in 2013, the math dictated by section 15(a) results in the conclusion that Robertson's claim could not have started to accrue until, at the earliest, 2016. Accordingly, Robertson's claim was not barred by the five-year statute of limitations.

## II.    Motion to Reconsider

### A. *Application of the Continuing Violation Rule*

"The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law." Chelkova v. Southland Corp., 331 Ill. App. 3d 716, 729-30 (1st Dist. 2002). A party may not raise a new legal or factual argument in a motion to reconsider. North River Ins. Co. v. Grinnell Mut. Reinsurance Co., 369 Ill. App. 3d 563, 572 (1st Dist. 2006).

Robertson's current Motion to Reconsider of this court's January 27, 2020 Memorandum and Order reiterates his previously stated position that his claim is well within the statute of limitations because he was a victim of a continuing violation of his rights under BIPA. Alternatively, he seeks to certify the question to the First District pursuant to Illinois Supreme Court Rule 304(a). [1]

---

[1]    Not surprisingly, Defendants argue this court properly applied the law surrounding continuing violations to Robertson's BIPA claims. Alternatively, Defendants suggest that if the question is to be certified it should be pursuant to Illinois Supreme Court Rule 308.

Robertson's most recent request suggests that the proper application of the continuing violation rule is illustrated by Cunningham v. Huffman, 154 Ill. 2d 398, 406 (1993).

Cunningham involved a matter of first impression, namely, "whether the Illinois four-year statute of repose is tolled until the date of last treatment when there is an ongoing patient/physician relationship." Cunningham v. Huffman, 154 Ill. 2d 398, 400 (1993). The trial court found that the plaintiff's claims were time-barred and the continuous course of treatment doctrine was not the law in Illinois. Id. at 401. The Appellate Court affirmed the dismissal stating that "in medical malpractice actions, the statute of repose is triggered only on the last day of treatment, and if the treatment is for the same condition, there is no requirement that the negligence be continuous throughout the treatment. Id. at 403.

The Illinois Supreme Court declined to adopt the continuous course of treatment doctrine. Id. at 403-04. Nonetheless, the court held that statutory scheme did not necessarily preclude the cause of action asserted by the plaintiff. Id. at 404. Specifically, the court held that the medical treatment statue of repose would not bar the plaintiff's action if he could demonstrate: (1) that there was a continuous and unbroken course of *negligent* treatment, and (2) that the treatment was so related as to constitute one continuing wrong." Id. at 406 (emphasis in original). The Illinois Supreme Court emphasized "that there must be a continuous course of *negligent* treatment as opposed to a mere continuous course of treatment." Id. at 407 (emphasis in original).

Robertson's assertion is that Cunningham stands for the proposition that "the continuing violation doctrine applies where a plaintiff demonstrates a continuous and unbroken course of conduct, so related as to constitute one continuous wrong." (Motion at 5).

But the Illinois Supreme Court has explicitly rejected Robertson's argument, stating **"[t]he Cunningham opinion did not adopt a continuing violation rule of general applicability in all tort cases or, as here, cases involving a statutory cause of action**. Rather, the result in Cunningham was based on interpretation of the language contained in the medical malpractice statute of repose." Belleville Toyota v. Toyota Motor Sales, U.S.A., 199 Ill. 2d 325, 347 (2002)(Fitzgerald, J)(emphasis ours).

Robertson ignores Belleville and replies that "[t]here is no binding authority to which the Court may turn for guidance on the exact issue regarding whether the continuing violation doctrine applies." (Reply at 4).

While Justice Fitzgerald's written opinion in Belleville is pretty solid authority to the contrary, as this court previously pointed out, the First District has considered "[w]hether a series of conversions of negotiable instruments over time can constitute a continuing violation under Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill 2d 325 (2002), for the purpose of determining when the statute of limitations runs." Kidney Cancer Assoc. V. North Shore Com. Bank, 373 Ill.App.3d 396, 397-98 (1st Dist. 2007). The court reasoned that where a complaint alleges a serial conversion of negotiable instruments by a defendant, it cannot be denied that a single unauthorized deposit of a check in an account opened by the defendant gives the plaintiff a right to file a conversion action. Id. at 405. The court rejected the plaintiff's claim

3

that the defendant's repeated deposits (identical conversions) following the initial deposit served to toll the statute of limitations under the continuing violation rule. Id. Instead, according to the court, each discrete act (deposit) provided a basis for a cause of action and the court need not look to the defendant's conduct as a continuous whole for prescriptive purposes. Id.

In Rosenbach v. Six Flags Entertainment Corp., 2019 IL 123186, ¶ 33, the Illinois Supreme Court held when a private entity fails to comply with one of section 15's requirements, that violation is itself sufficient to support the individual's or customer's **statutory cause of action**. Id. (emphasis ours).

Robertson's Amended Complaint alleges that his statutory rights were invaded in 2010, when Defendants allegedly first collected and disseminated his biometric data without complying with section 15's requirements. (Amended Complaint at ¶42).

In our January 27, 2020 Memorandum and Order, this court explained that under the general rule a cause of action for a statutory violation accrues at the time a plaintiff's interest is invaded. Blair v. Nevada Landing Partnership, 369 Ill. App. 3d 318, 323 (2nd Dist. 2006) (citing Feltmeier v. Feltmeier, 207 Ill. 2d 263, 278-279 (2003)("where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." Id, 207 Ill. 2d at 279); see also, Limestone Development Corp. v. Village of Lemont, 520 F.3d 797, 801 (7th Cir. 2008) ("The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought. [citations]. It is thus a doctrine not about a continuing, but about a cumulative, violation.").

Here, this court respectfully disagrees with Robertson concerning the application of continuing violation rule. It was Defendants' alleged failure to first obtain Robertson's written consent before collecting his biometric data which is the essence of and gave rise to the cause of action, not their continuing failure to do so. Robertson's statutory rights were violated in 2010 when Defendants allegedly first collected and disseminated his biometric data without complying with section 15's requirements.

Per Feltmeier, "where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." Id., 207 Ill. 2d at 279. That Defendants lacked the written release to collect and consent to disseminate Robertson's biometric data from 2010 until they ceased collection, does not change the fact Robertson's statutory rights were violated in 2010 nor does it serve to delay or toll the statute of limitations. Id; see also, Bank of Ravenswood v. City of Chicago, 307 Ill. App. 3d 161, 168 (1st Dist. 1999) (holding that the action for trespass began accruing when the defendant invaded plaintiff's interest and the fact that subway was present below the ground was a continual ill effect from the initial violation but not a continual violation.).

The court did not err in holding that the continuing violation rule did not apply to Robertson's claims.

**B.** *Single vs. Multiple Violations*

Robertson argues that this court erred in holding that his claims for violation of sections 15 (b) and (d) amount to single violations which occurred in 2010. Instead, according to Robertson, each time Defendants collected or disseminated his biometric data without a written release constitutes a single actionable violation.

Robertson's argument is contrary to the unambiguous language of the statute and taken to its logical conclusion would inexorably lead to an absurd result.

\* \* \*

Section 10 of BIPA defines "written release" as: "[. . .] informed written consent or, *in the context of employment, a release executed by an employee as a condition of employment*." 740 ILCS 14/10 (emphasis added).

And, Section 15 (b)(3) of BIPA provides:

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: \*\*\* (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15 (b)(3).

Reading section 10 and 15 of BIPA together makes clear that the "written release" contemplated by section 15 (b)(3) in the context of employment is to be executed as a condition of employment. 740 ILCS 14/10 and 15(b)(3).

As explained by the court in its January 27, 2020 Memorandum and Order, "[t]he most reasonable and practical reading of section 15 (b) requires an employer to obtain a single written release as a condition of employment from an employee or his or her legally authorized representative to allow the collection of his or her biometric data for timekeeping purposes for the duration of his or her employment. Such a release need not be executed before every instance an employee clocks-in and out, rather a single release should suffice to allow the collection of an employee's biometric data." January 27, 2020 Memorandum and Order at 4.

Robertson admits that this is a reasonable reading, (Motion at 7), but argues that Defendants, having failed to obtain a written release or his consent, had to obtain his written release before collecting his biometric data. Since Defendants failed to do, Robertson argues, each time Defendants' collected Robertson's biometric is independently actionable.

But, taken to its logical conclusion Robertson's construction would lead employers to potentially face ruinous liability.

Section 20 of BIPA provides any individual aggrieved by a violation of BIPA with a right of action and further provides that said individual may recover liquidated statutory damages for

5

*each violation* in the amount of either $1,000 for negligent violations or $5,000 for intentional or reckless violations. 740 ILCS 14/20.

Robertson alleges that he was required to scan his fingerprints each time he clocked in and out. (Amended Complaint at ¶44). Therefore, at minimum, there exists at least two potentially recoverable violations for *each day* Robertson worked. Extending this to its logical conclusion, a plaintiff like Robertson could potentially seek a total of $500,000 for negligent violations or $2,500,000 for intentional or reckless violations *for each year*[2] Defendants allegedly violated BIPA.

It is a well-settled legal principle that statutes should not be construed to reach absurd or impracticable results, Nowak v. City of Country Club Hills, 2011 IL 111838, ¶ 21, which is where Robertson's argument would take us. This court finds nothing in the statute as it is written or as it was enacted to indicate it was the considered intent of legislature in passing BIPA to impose fines so extreme as to threaten the existence of any business, regardless of its size.

### C.    *Section 15 (d)(1) – Consent for Dissemination*

Section 15 (d)(1) of BIPA provides:

(d) No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

* * * * *

740 ILCS 14/15 (d)(1).

Robertson's main contention here is that: (1) he never alleged when Defendants actually disseminated his biometric data; and (2) a defendant can potentially violate section 15(d) multiple times by disseminating an individual's biometric to additional third-parties.

But this court did not rule that section 15(d)(1) can only be violated a single time by a defendant. Rather, it ruled that based on the allegations as pled, Robertson's claim accrued in 2010.

The court recognizes that "a plaintiff is not required to plead facts with precision when the information needed to plead those facts is within the knowledge and control of defendant rather than plaintiff." Lozman v. Putnam, 328 Ill. App. 3d 761, 769-70 (1st Dist. 2002). However, even under this standard a plaintiff may not simply plead the elements of a claim, Holton v. Resurrection Hospital, 88 Ill. App. 3d 655, 658 (1st Dist. 1980), nor does this rule excuse a plaintiff from alleging sufficient facts. Holton, 88 Ill. App. 3d at 658-59.

---

[2] Two violations a day multiplied five days multiplied fifty weeks a year multiplied either 1,000 or 5,000.

If Robertson was actually trying to allege that Defendants violated section 15(d)(1) multiple times by disseminating his biometric data to multiple third parties on many occasions between 2010 and whenever Defendants ceased collection, this allegation is not well-pled and Robertson has not stated a claim for this factual scenario. To be sure, Robertson's Amended Complaint plainly alleges that any dissemination occurred systematically and automatically, but Robertson does not allege any underlying facts which support this assertion.

Robertson also argues that it is possible for a private entity to violate section 15(d) multiple times and that therefore the court erred in holding that Defendants violated Robertson's section 15(d)(1) statutory rights only in 2010. ("Defendants, at any point in time, could have disseminated [his] biometric data to any number of other entities, any number of times, over any period of time," (Motion at 13)).

Robertson alleges Defendants "disclose or disclosed [his] fingerprint data to at least one out-of-state third-party vendor, and likely others," (Id. at ¶33), but the allegation relating to "likely others" is not well pled. The Amended Complaint contains no allegations alleging Defendants disseminated Robertson's biometric data to additional third parties at some undetermined point between 2010 and the date Defendants ceased collection.

The Amended Complaint plainly alleges that any disseminations were, on information and belief, done "systematically or automatically." (Id. at ¶¶ 33, 97). "[A]an allegation made on information and belief is not equivalent to an allegation of relevant fact [citation]." Golly v. Eastman (In re Estate of DiMatteo), 2013 IL App (1st) 122948, ¶ 83 (citation omitted).

Without alleging the supporting underlying facts which lead Robertson to believe that his biometric data was being systemically and automatically disseminated, his allegation regarding additional dissemination to additional third parties remains an unsupported conclusion. The same is true for the allegations Robertson pleads on information and belief. Defendants are not required to admit unsupported conclusions on a motion dismiss.

The court did not err.

## III.    Motions to Certify Questions and/or Motions Leave to Appeal

Robertson seeks leave to immediately appeal this court's orders pursuant to Illinois Supreme Court Rule 304(a). Defendants assert that Illinois Supreme Court Rule 308 is the better procedural vehicle and seeks certification of three questions:

1. Whether exclusivity provisions of the Illinois Worker's Compensation Act bar BIPA claims?

2. Whether BIPA claims are subject to the one-year statute of limitations pursuant to 735 ILCS 5/13-201 or the two-year statute of limitations pursuant to 735 ILCS 5/13-202?

3. Whether a claim for a violation of section 15(a) accrues when a private entity first comes into possession of biometric data?

The questions Defendants seek to certify have been either directly addressed or are closely related to questions other judges have certified.

Judge Raymond W. Mittchell in McDonald v. Symphony Bronzeville Park, LLC, Case No. 17 CH 11311 has already certified a similar question to Defendants' first question in an appeal is pending under Marquita McDonald v. Symphony Bronzeville Park, LLC. No. 1-19-2398.

Similarly, in Juan Cortez v. Headly Manufacturing Co., Case No. 19 CH 4935, Judge Anna H. Demacopoulos has certified the second question concerning of what statute of limitations appropriately applies BIPA claims. This court is informed that the First District has accepted the matter and it is currently being briefed.

The third proposed question – as to whether a violation of section 15(a) begins accruing when a private entity first comes into possession of biometric data – is not yet pending on appeal.

### A.    Rule 308?

Rule 308(a) provides as follows:

> When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved.

ILL. SUP. CT., R. 308(a).

Rule 308(a) "should be strictly construed and sparingly exercised." Kincaid v. Smith, 252 Ill. App. 3d 618, 622 (1st Dist. 1993). "Appeals under this rule should be available only in the exceptional case where there are compelling reasons for rendering an early determination of a critical question of law and where a determination of the issue would materially advance the litigation." Id.

Because under Rule 308 should be strictly construed and sparingly exercised, the court will not certify a question already accepted by the Appellate Court. Accordingly, in the interests of efficiency and of not burdening the First District with issue in cases which echo one another, the court declines to certify questions regarding the applicability of the Illinois Worker's Compensation Act, or questions concerning the appropriate statute of limitations under BIPA. Answers to those questions should be forthcoming through the certifications by Judges Mitchell and Demacopoulos.

Regarding the third question concerning the accrual of section 15(a) claims, the court is willing to certify a question regarding section 15(a) but is not willing to certify the question as currently phrased by Defendants.

As explained by the court in its January 27, 2020 Memorandum and Order, section 15(a) contains two distinct requirements: (1) private entities in possession of biometric data must develop a publicly available retention schedule and deletion guidelines; and (2) those guidelines

must provide for the permanent destruction of biometric data when the initial purpose for collecting the biometric data has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

Contrary to Defendants' phrasing of their question regarding section 15(a), the court did not rule that a section 15(a) violation could only accrue once. Rather the court interpreted section 15(a) as imposing two distinct requirements on private entities each with separate accrual dates. The pure legal question is not simply when does the action for a violation of section 15(a) accrue but rather whether the court's interpretation of the statutory language of section 15(a) is correct.

Defendants motion is therefore denied, as written. If they wish, Defendants may resubmit the request to reflect this court's ruling and it will be reconsidered.

### B. Rule 304(a)?

Rule 304(a) provides as follows:

If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.

ILL. SUP. CT., R. 304(a).

Rule 304(a) creates "an exception to [the] general rule of appellate procedural law by permitting appeals from trial court orders that only dispose of a portion of the controversy between parties." Mostardi-Platt Associates, Inc. v. American Toxic Disposal, Inc., 182 Ill. App. 3d 17, 19 (1st Dist. 1989). Rule 304(a)'s exception "arises when a trial judge [. . .] makes an express finding that there is no just reason to delay the enforcement or appeal of the otherwise nonfinal order." Id.

Here, the court did issue a final judgment as to fewer than all of the claims on January 27, 2020 when it granted Defendants' motion to reconsider and dismissed Counts II and III of Robertson's Amended Complaint with prejudice because they were barred by the applicable statute of limitations.

However, as explained many issues Robertson would seek review of under Rule 304(a) will be disposed of by the Appellate Court's answers to Judge Demacopoulos' certified question. Therefore, the court declines to make the necessary finding to allow Robertson to appeal pursuant to Rule 304(a).

### III.   Conclusion

Robertson's motion for reconsideration is DENIED.

Robertson's request for a Rule 304(a) finding is DENIED.

Defendants' request for to certify questions pursuant to Rule 308(a) is GRANTED IN PART and DENIED IN PART. The court denies Defendants' questions relating to the application of the Illinois Worker's Compensation Act and the two-year statute of limitations.

9

The court grants Defendants' request in so far as it seeks to certify a question relating to section 15(a) but denies Defendants' question as currently written.

The court orders the parties to confer and to attempt to reach an agreement regarding the phrasing of a question relating to the section 15(a).

The court set the next status date for this matter as June 16, 2020 at 9:30 a.m.

Entered: _____ 5-29-20

Judge Neil H. Cohen

10