UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D'LISA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>JRN, INC.,<br><br>   Defendant. | Case No.: 3:22-cv-01253 |

**RESPONSE TO DEFENDANT'S STATUS REPORT REGARDING
RULING IN *COTHRON V. WHITE CASTLE SYSTEM, INC.***

1. On August 1, 2022, the Court stayed this case, pending the Illinois Supreme Court's issuance of decisions in two cases: *Tims v. Black Horse Motor Carriers, Inc.*, and *Cothron v. White Castle Systems, Inc.*

2. As correctly noted by Defendant in its February 16, 2023 status report, the Illinois Supreme Court issued its ruling in *Tims* on February 2, 2023. (Dkt. 15); *Tims v. Black Horse Carriers, Inc.*, --- N.E.3d ----, 2023 IL 127801, 2023 WL 1458046 (Ill. Feb. 2, 2023). In *Tims*, the state Supreme Court ruled that a five-year statute of limitations is applicable to all claims for violations of the Illinois Biometric Information Privacy Act ("BIPA"). *Id.* ¶ 42.

3. Two weeks later, the Supreme Court issued its ruling in *Cothron*. (Dkt. 17); *Cothron v. White Castle Sys., Inc.*, --- N.E.3d ----, 2023 IL 128004, 2023 WL 2052410 (Ill. Feb. 17, 2023). There, the Court held that "the plain language of [the statute] shows that a claim accrues under [BIPA] with every scan or transmission of biometric identifiers or biometric information without prior informed consent." *Id.* ¶ 45.

4. In light of both of these decisions, Plaintiff respectfully requests that the Court deny Defendant's requested continued stay.

5. This matter has already been stayed for seven months pending the decisions in *Tims* and *Cothron*, and there is little support for continuing the stay and enabling this case to further stagnate on the Court's docket. Such a decision would be prejudicial to Plaintiff. Indeed, the requested stay of indefinite duration will cause actual prejudice to the Plaintiffs' case. Witness memories fade over time and data—particularly the type of electronic information at issue in this case—becomes more difficult to adequately preserve, produce, or replicate in full as time goes on. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." (citing *Sibron v. New York,* 392 U.S. 40 (1968))). As the Ninth Circuit has aptly explained:

> We agree with the majority position that lengthy and indefinite stays place a plaintiff effectively out of court. Such an indefinite delay amounts to a refusal to proceed to a disposition on the merits . . . Even if litigation may eventually resume, such stays create a danger of denying justice by delay.

*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

6. Where an appeal was merely speculative or not yet fully briefed, courts denied requests to stay pending said appeals or petitions for leave to appeal as such a stay is less definite and more likely to prejudice the non-moving party. *See, e.g.*, *Donets v. Vivid Seats LLC*, No. 20-CV-03551, 2020 WL 9812033, at *4 (N.D. Ill. Dec. 15, 2020) ("[T]he Illinois Supreme Court has not yet granted the petition for leave to appeal in *McDonald*, and thus, the stay would not be as limited in duration."); *Sherman v. Brandt Indus. USA Ltd*, No. 120CV01185MMMJEH, 2020 WL 12833905, at *2 (C.D. Ill. Sept. 15, 2020) ("Faced with a lengthy delay of the case given the recency of the appeal in *McDonald*, the Court [in *Mintun*] soundly exercised its discretion to

deny the stay . . . ."). "[A] stay would be limited and unlikely to prejudice a party where it would be in place pending an appellate decision on a fully briefed case." *Donets*, 2020 WL 9812033, at *4 (citing *Vaughan v. Biomat USA, Inc.*, No. 1:20 CV 04241, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020)).

7.  Here, Defendant is effectively asking to stay all proceedings and discovery not only until the Illinois Supreme Court decides whether or not to rehear the *Cothron* case, but in the event that it does rehear the case, for the duration of any such rehearing. For the reasons stated above, Plaintiff does not agree to such an indefinite stay.

8.  To be clear, there is currently no pending rehearing of the *Cothron* decision—Defendant's counsel has stated its intent to petition for rehearing, and thus Defendant asks the Court to further stay this matter to see whether the Illinois Supreme Court is inclined to reconsider its own decision. However, as it stands, the Illinois Supreme Court's holding in *Cothron* is a controlling interpretation of BIPA. The Court should lift the stay and allow this case to get off the ground.

Respectfully submitted,

Dated: March 10, 2023

**D'LISA WILLIAMS**, individually and on behalf of all others similarly situated,

By:  */s/ Patrick H. Peluso*
One of Plaintiffs' Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiffs and the Class*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on March 10, 2023.

                                                     */s/ Patrick H. Peluso*